**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Steven Loran Edwards,

Plaintiff,

v.

Mission Lane Bank,

Defendant.

Civil No. 26-3574 (DWF/LIB)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to dismiss *pro se* Plaintiff Steven Loran Edwards' complaint for insufficient service of process brought by Defendant Mission Lane Bank.[1] (Doc. No. 3.) Plaintiff opposes the motion. (Doc. No. 10.) For the reasons stated below, the Court grants the motion.

Plaintiff originally filed this case in state court, and Defendant removed the case to this Court on August 10, 2026. (Doc. No. 1.)[2] Defendant now seeks dismissal of this action for insufficient service of process. In support, Defendant argues that the summons issued by Plaintiff is fatally deficient and that Plaintiff's attempt to serve Defendant was ineffectual under Minnesota law.

---

[1] Mission Lane Bank was incorrectly identified and is correctly named Mission Lane LLC. (Doc. No. 3 at 1.)

[2] Defendant specifically contests insufficient service of process and does not waive other defenses. (Doc. No. 5 at 1.)

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted). Here, Defendant moves to dismiss for lack of sufficiency of service under Rule 12(b)(5). On motion to dismiss under Rule 12(b)(5), a plaintiff must establish prima facie evidence of sufficient process and service of process. *See Seretse v. Andersen Corp.*, No. 12-cv-323, 2013 WL 2434876, at *4 (D. Minn. June 4, 2012).

The Court looks to Minnesota law because Minnesota is the jurisdiction in which the case was brought before it was removed to this Court. *See Hubbard v. Citi Mortg., Inc.*, No. 13-cv-2189, 2014 WL 1309112, at *4 (D. Minn. Mar. 31, 2014). Under Minnesota law, a civil action commences upon service of a summons and complaint Minn. R. Civ. P. 3.01 ("A civil action is commenced against each defendant: (a) when the summons is served upon that defendant . . . ."). In addition, Minnesota law requires personal service, and "service by mail is not personal service." *Metivier v. Deutsche Bank Tr. Co. Ams.*, No. 19-cv-2929, 2020 WL 2215725, at *3 (D. Minn. May 7, 2020) (quoting *Melillo v. Heitland*, 880 N.W.2d 862, 864 (Minn. 2016)). The serving party may request that the defendant waive service of a summons. Minn. R. Civ. P. 4.05. But a defendant's failure to return a waiver means that defendant was not served. *See, e.g.*, *MW Ag, Inc. v. N.H. Ins. Co.*, 107 F.3d 644, 647 (8th Cir. 1997). When service of process is invalid, the Court lacks personal jurisdiction, and the case is properly dismissed. *Printed Media Servs.*, 11 F.3d at 843; *Lewis v. Contracting Nw., Inc.*, 413 N.W.2d 154, 157 (Minn. Ct. App. 1987).

Here, Plaintiff attempted to serve Defendant by mailing a copy of the summons and complaint to Defendant via certified mail. (Doc. Nos. 1-2, 1-3.) This is insufficient under Minnesota law. Plaintiff also attempted to get Defendant to waive service under Minn. R. Civ. P. 4.05, but Defendant did not sign and return a waiver acknowledgement and argues that Plaintiff's notice and request for waiver, itself, was flawed.[3] On the record before the Court, there is no dispute that Plaintiff did not properly serve Defendant. Indeed, Plaintiff effectively concedes the point. (Doc. No. 11 at 2 (acknowledging "the problem getting personal service done" and that Defendant did not waive service).) Because Defendant was not properly served, the Court lacks jurisdiction.

Plaintiff asks the Court not to dismiss this action because Defendant had actual notice, the burden on Plaintiff to serve Defendant was substantial because of his *pro se* status, and Defendant's refusal to waive service was not for good cause. (Doc. No. 10.) In addition, Plaintiff asks for "leave to request that the US Marshals do personal Service at the Defendant's expense." (*Id.* at 1.) These arguments fail. First, the Court still lacks jurisdiction even if Defendant had actual notice. *Printed Media Servs.*, 11 F.3d at 843; *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996). This is because the failure to timely effect service is not inconsequential or a mere technical error. *See Pye v. NuAire, Inc.*, Civ. No. A12-0734, 2012 WL 6652618, at *5 (Minn. Ct.

---

[3] Defendant points to several deficiencies in Plaintiff's request for waiver of service, namely that it designated the wrong court and did not send it to Defendant's registered agent. (Doc. No. 5 at 4.)

App. Dec. 24, 2012), *rev. denied*, (Mar. 19, 2013) (affirming dismissal and rejecting argument that failure to timely serve was inconsequential). Second, the fact that Plaintiff is a *pro se* litigant does not excuse his failure to properly effect service. *See DiBlasio v. City of St. Paul*, Civ. No. A05-1803, 2006 WL 1704172, at *2 (Minn. Ct. App. June 20, 2006) (affirming dismissal of *pro se* plaintiff's claims for failure to serve summons). *See also Griffin v. City of Minneapolis*, No. 25-cv-1963, 2025 WL 2803083, at *2 (D. Minn. Oct. 1, 2025) (recognizing that while a *pro se* litigant is entitled to certain leniencies, "the requirements of proper service under Minnesota law cannot be ignored"). Finally, Plaintiff's request to tax all costs of future attempts at service to Defendant under Minnesota Rule of Civil Procedure 4.05(b) is without merit. (Doc. No. 1-2.) That rule provides that a court may impose "expenses later incurred in making service" on a defendant who "without good cause" fails to sign and return a waiver. Minn. Stat. 4.05(b). This rule, however, only applies when a plaintiff properly requests a waiver of service. *See 7017 Amundson LLC v. Cnty. of Hennepin*, No.27-cv-20-8116, 2022 WL 599207, at * 5 (Minn. Tax Feb. 23, 2022). Here, Plaintiff has not demonstrated that he complied with the requirements of Minn. R. Civ. P. 4.05.

Because the Court lacks jurisdiction, the Court finds that Plaintiff's case is properly dismissed. The Court also finds that dismissal without prejudice is appropriate. Therefore, based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss (Doc. No. [3]) is **GRANTED**.

2. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 21, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge